**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STATE OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY; CORTEVA, INC.; DUPONT DE NEMOURS, INC.; EIDP, INC., (f/k/a E.I. DU PONT DE NEMOURS AND COMPANY); AND THE CHEMOURS COMPANY,<br><br>Defendants. | Case No. 1:23-cv-01836-RDB |

**THE STATE OF MARYLAND'S MEMORANDUM IN OPPOSITION TO DEFENDANT
3M'S MOTION TO STAY PENDING TRANSFER DECISION BY THE JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**

## INTRODUCTION

Subject-matter jurisdiction is a "threshold question," *Monaco v. West Virginia Parkways Auth.*, 57 F.4th 185, 187 (4th Cir. 2023), and yet the stay Defendant 3M Co. ("Defendant" or "3M") seeks would delay resolution of that question, possibly for years.  If the Judicial Panel on Multidistrict Litigation ("JPML") declines to transfer this case, a stay will have accomplished nothing but delay.  But if the JPML agrees to transfer, this case will be added to the tens of thousands of cases already in the multidistrict litigation in the District Court for South Carolina, where it risks languishing without any definitive determination of subject matter jurisdiction.  Either way, a stay will prejudice the State and waste judicial resources, with no meaningful benefit to 3M or anyone else.  3M thus comes nowhere close to "justify[ing a stay] by clear and convincing circumstances."  *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).  The motion should be denied.

## BACKGROUND

The State brought this case in the Circuit Court for Baltimore City against 3M and other major manufacturers for causing the widespread contamination of Maryland's natural resources by per- and polyfluoroalkyl substances ("PFAS").  Compl. (ECF No. 1-2).  3M removed the case to federal court under the federal officer removal statute, 28 U.S.C. § 1442.  (ECF No. 1).  On the State's motion, this Court remanded the case to state court.  (ECF No. 47).  Prior to this Court's ruling on remand, 3M had also sought to transfer the case to the pending multidistrict litigation, *In re: Aqueous Film-Forming Foams ("AFFF") Products Liability Litigation* (the "MDL"), but the JPML found the case was inappropriate for transfer.  (ECF No. 44).

3M appealed this Court's remand order, and the Fourth Circuit reversed.  *Maryland v. 3M Co.*, 130 F.4th 380, 384 (4th Cir. 2025) (ECF No. 54-2).  The Fourth Circuit, however, "le[ft] it to the district court[] to consider" the two remaining elements of federal officer removal: whether

3M "(1) acted under a federal officer and (2) has a colorable federal defense." *Id.* at 392-93. The State sought a status conference, which the Court has scheduled for April 2, to determine how best to resolve those outstanding issues. (ECF No. 61).[1]

Following the appellate proceedings, 3M again sought transfer to the MDL, but the JPML Clerk again denied the request. (*In re AFFF*, ECF No. 4196). 3M then filed a motion to transfer with the JPML. (*In re AFFF*, ECF No. 4204); *see also* JPML R. 7.1(b)(i) ("If the Clerk of the Panel determines that a potential tag-along action is not appropriate for inclusion in an MDL proceeding . . . any party may move for its transfer pursuant to Rule 6.1.").

3M has also filed a Motion to Dismiss for Failure to State a Claim in this Court. (ECF No. 62). Because jurisdiction should be decided before the merits, the parties have submitted a stipulation that 3M's motion to dismiss will be decided after a ruling on jurisdiction. (ECF No. 75).

## LEGAL STANDARD

"The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford*, 715 F.2d at 127; *accord Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."). "[T]he district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources

---

[1] 3M also removed based on federal enclave jurisdiction. (ECF No. 1 at 25–27). This Court determined that federal enclave jurisdiction is lacking (ECF No. 47 at 8-9), and 3M did not appeal that ruling, 130 F.4th at 386 n.2.

that would be saved by avoiding duplicative litigation." *Yearwood v. Johnson & Johnson, Inc.*, No. 12-cv-1374-RDB, 2012 WL 2520865, at *3 (D. Md. June 27, 2012) (citation omitted).

"[M]otions to remand are particularly appropriate for resolution before transfer to [an] MDL," and "several federal district courts have granted motions to remand before the JPML could transfer the cases to the MDL Court." *Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, No. 18-cv-800-GLR, 2018 WL 1963816, at *3 (D. Md. Apr. 25, 2018) (collecting cases); *see, e.g.*, *Maine v. 3M Co.*, No. 2:23-cv-00210-JAW, 2023 WL 4758816, at *11 (D. Me. July 26, 2023) ("Generally, motions to remand should be resolved before the panel acts on the motion to transfer so the federal court can assure itself of jurisdiction before the case transfers to the MDL." (citation omitted)); *Dinwiddie County, Virginia v. Purdue Pharma, L.P.*, No. 3:19-cv-242, 2019 WL 2518130, at *7 (E.D. Va. June 18, 2019) (denying motion to stay pending motion to transfer to JPML); *County of Anderson v. Rite Aid of S.C., Inc.*, No. 8:18-cv-1947-BHH, 2018 WL 8800188, at *3 (D.S.C. Aug. 20, 2018) (same); *West Virginia ex rel. Morrisey v. Pfizer, Inc.*, 969 F. Supp. 2d 476, 481–82 (S.D.W. Va. 2013) (same); *J.C. ex rel. Cook v. Pfizer, Inc.*, No. 3:12-cv-4103, 2012 WL 4442518, at *1 (S.D.W. Va. Sept. 25, 2012) (same).

## ARGUMENT

### I.   THE STATE WILL BE PREJUDICED BY A STAY, WHICH COULD DELAY DETERMINATION OF SUBJECT MATTER JURISDICTION FOR YEARS.

Federal jurisdiction remains unresolved, and 3M's motion threatens to leave it unresolved, potentially for years. Such an outcome would significantly prejudice the State.

As noted, two elements of federal officer removal—the sole purported basis for subject matter jurisdiction—are unresolved. 130 F.4th at 392-93. 3M's stay motion promises to delay resolution of these issues for months, if not years. If, as 3M predicts, the JPML rules on transfer in early June, a stay will have delayed the determination of these threshold jurisdictional questions

for two or three months at least. And if the JPML were to grant transfer, subject matter jurisdiction would be left unresolved indefinitely, likely for years. Due to the MDL's massive caseload, that has been the fate of other sovereigns transferred to the MDL before their home courts could resolve motions to remand. For example, Wisconsin's motion to remand has been pending since 2022, Ex. A, Docket Sheet from *Wisconsin v. 3M*, No. 2:23-cv-00028 (D.S.C.), Illinois's since 2023, Ex. B, Docket Sheet from *Illinois ex rel. Raoul v. 3M Co.*, No. 2:23-cv-02540 (D.S.C.), and Michigan's since 2021, Ex. C, Docket Sheet from *Nessel v. 3M*, No. 2:21-cv-01708-RMG (D.S.C.).[2] If this case is stayed and transferred, these threshold jurisdictional issues would likely remain unresolved for years.

*County of Anderson v. Rite Aid of South Carolina, Inc.* exemplifies why the motion to stay should be denied. There, the plaintiff moved to remand the case to state court, and while that motion was pending, the defendants moved to stay pending the JPML's transfer decision. 2018 WL 8800188, at *1. The court denied the motion to stay because "the MDL judge has stated that he is not going to act on any motions to remand, and has placed a moratorium on filing such motions." *Id.* at *3. Given that inevitable delay in the MDL, "there [was] a real risk that prejudice would result to Plaintiff if a stay was granted, because [Plaintiff] would be forced to sit on the sidelines for an indeterminate period while its sister counties pursued identical claims against an almost identical list of Defendants." *Id.*

The same applies here. The State is entitled to have an answer to the question of whether federal courts have jurisdiction, and if they do not, to prosecute its case in state court. It should

---

[2] The MDL court has ruled on South Carolina's motion to remand—which was previously briefed directly before the MDL court—but has not addressed any other remand motions filed by sovereigns.

not be forced to "sit on the sidelines for an indeterminate period," *id.*, awaiting an answer to that threshold question.

"[T]he requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception[.]" *Lowy v. Daniel Def., LLC*, 167 F.4th 175, 203 (4th Cir. 2026) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("[A] long and venerable line of . . . cases" stresses "[t]he requirement that jurisdiction be established as a threshold matter."); *Monaco*, 57 F.4th at 187 ("Subject-matter jurisdiction is a threshold question . . . ."); *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) ("Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case, and no amount of 'prudential reasons' or perceived increases in efficiency, however sound, can empower a federal court to hear a case where there is no extant case or controversy."); *University of S. Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."). Moreover, "[a] federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." 13 Charles Alan Wright, Arthur R. Miller, et al., Fed. Prac. & Proc. Juris. § 3522 (3d ed. Sept. 2025 update).

3M has no compelling response to this concern. Although it repeatedly cites *Yearwood v. Johnson & Johnson, Inc.*, *see* Mot. at 4, 7, 9–11, that case actually proves the State's point. There, the plaintiffs would "not face substantial prejudice if a stay is granted" because the transferee judge "ha[d] already begun to set briefing schedules for remand motions pending" and it was clear that "the transferee judge [would] decide [remand] together with similar motions." 2012 WL 2520865, at \*3. That is not the case here, as the undetermined fate of the other sovereigns' transferred cases

6

demonstrates.  3M's other cited authority—all of which is premised on the assumption that the MDL court would address remand quickly—is similarly inapposite.[3]

Gallagher v. Boehringer Ingelheim Pharmaceuticals, Inc., which 3M also cites, Mot. at 10, reiterates that jurisdiction must be decided first.  "Although the Court would have [had] the power to stay the action . . . before ruling on the motion to remand," it refused to do so because "the motion raise[d] sensitive issues of federalism and federal jurisdiction that warrant resolution with expedition.  Should it turn out that the action was improperly removed, Plaintiff would be deprived of its choice of forum and the state courts will have been deprived of their right to decide a matter of state law without federal interference."  No. 22-cv-10216 (LJL), 2023 WL 402191, at *3 (S.D.N.Y. Jan. 25, 2023).  Only after assuring itself of jurisdiction by denying the motion to remand did the court enter a stay, which the plaintiff did not oppose.  Id. at *9.

3M argues that a delay in ruling on subject matter jurisdiction "is no longer a valid concern" because, according to 3M, "the jurisdictional issues [are] largely resolved by the Fourth Circuit." Mot. at 10 (citation omitted).  As the term "largely" suggests, however, the Fourth Circuit did not resolve all jurisdictional issues; it explicitly left two issues for the district court to resolve: whether 3M "(1) acted under a federal officer and (2) has a colorable federal defense."  See 130 F.4th at 392-93.  3M is asking this Court to "'assum[e]' jurisdiction," but as the Supreme Court has warned, "such an approach . . . carries the courts beyond the bounds of authorized judicial action and thus

---

[3] City of Portland v. Purdue Pharma, LP, No. 2:18-cv-282-NT, 2018 WL 6191127, at *5 (D. Me. Nov. 28, 2018) ("[P]resumably the court in the MDL will consider the motions to remand in the ordinary course . . . ."); Royal Park Invs. SA/NV v. Bank of Am. Corp., 941 F. Supp. 2d 367, 374 (S.D.N.Y. 2013) ("[A]ny delay resulting from a stay will likely be of short duration."); cf. Good v. Altria Grp., Inc., 624 F. Supp. 2d 132, 134–35 (D. Me. 2009) (while the plaintiffs' motion to certify a question to the state high court was pending, a stay was granted because the plaintiffs "recogni[zed] that a transfer order will not preclude them from moving the transferee court to certify their questions").

offends fundamental principles of separation of powers." *Steel Co*, 523 U.S. at 94 (citation omitted).

## II.    3M WILL FACE NO PREJUDICE FROM LITIGATING JURISDICTION IN THIS COURT.

Since there is well more than "a fair possibility that the stay . . . will work damage to" the State, 3M must "make out a clear case" that it will suffer "hardship or inequity" if a stay is denied. *Landis*, 299 U.S. at 255.  It wholly fails to do so.  3M's sole argument is that without a stay, it would be subject to duplicative "pretrial proceedings, whether a renewed motion to remand or other initial motion practice or discovery." Mot. at 9.  But the State and 3M have agreed to defer further briefing until after transfer and remand questions are resolved.  (ECF No. 75).  The only item the State seeks to address while the motion to transfer is pending is the question of subject matter jurisdiction, and 3M cannot explain why it would be prejudiced by having to show that this case belongs in federal court.  3M will at some point be required to litigate the State's remand motion, whether it does so here or before the JPML. A stay will not change that fact. Because 3M is unable to demonstrate any substantial prejudice in the absence of a stay, its motion must be denied.

## III.    JUDICIAL ECONOMY IS BEST SERVED BY PROMPT DETERMINATION OF JURISDICTION.

3M also fails to demonstrate how a stay would serve judicial economy.  "The interests of judicial economy are furthered by putting a case, as expeditiously as possible, in a court that has the jurisdiction to resolve it." *Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 809 (M.D. Tenn. 2019).  As *Dunaway* recognized in denying a similar motion to stay, judicial economy is best served by determining whether the federal courts have subject matter jurisdiction in the first place:

> It would not be a good use of judicial resources for the JPML to devote its time and attention to a transfer from one federal court to another, if the ultimate legal reality

> is that neither court has or can have jurisdiction.  Nor would it be a good use of the transferee court's resources for that court to have to deal with the intake and processing of a case only to realize, later, that the case should be in state court.

*Id.*  Numerous other cases agree.  *E.g.*, *West Virginia ex rel. Morrisey v. Pfizer, Inc.*, 969 F. Supp. 2d 476, 482 (S.D.W. Va. 2013) ("For purposes of judicial economy, the jurisdictional issue should be resolved immediately." (citation omitted)); *accord Maine*, 2023 WL 4758816, at *11 (citation omitted).  If a stay is granted, "a very real opportunity for judicial economy would be lost because" this case will "languish[], with no indication of when questions of remand would ultimately be addressed en masse as part of the MDL."  *County of Anderson*, 2018 WL 8800188, at *3.  Additionally, if there is no federal jurisdiction, "judicial efficiency will not be promoted because the case should proceed in state court as soon as possible."  *Dinwiddie County*, 2019 WL 2518130, at *7.

In arguing to the contrary, 3M confuses the issues and ignores the reality of this case.  3M argues in favor of a stay because "whether PFAS contamination at any given site in Maryland was caused in part by AFFF, and if so, to what extent . . . are already the subject of proceedings in the AFFF MDL."  Mot. at 8.  3M also warns of "inconsistent rulings" on other unspecified topics.  *Id.* First, 3M mischaracterizes the current posture of the MDL; Maryland's AFFF suit is not being actively litigated there because sovereign suits have no bellwether or trial track, and the MDL Court is not slated to resolve all sovereign remand motions soon, or at all.  *See*, *e.g.*, U.S. District Court, District of South Carolina, Aqueous Film-Forming Foams (AFFF) Products Liability Litigation Orders  https://www.scd.uscourts.gov/mdl-2873/orders.asp (last visited Mar. 31, 2026) (no current CMO governing sovereign cases).  Second, and more importantly, the question is not how best to address the causation issues that 3M describes or other legal disputes; that will likely occur in expert discovery and beyond.  The question is whether the threshold issue of subject

matter jurisdiction should be decided now or years down the line. Judicial economy strongly favors deciding jurisdiction now.

As one court aptly put it, "This court can imagine few greater wastes of a court's resources than consideration of a case that the court has no jurisdiction to decide." *Dunaway*, 391 F. Supp. 3d at 809. Judicial economy weighs heavily against a stay.

## CONCLUSION

Waiting months, and potentially years, to determine whether this case belongs in federal court serves no one and wastes both time and resources. 3M has not come close to demonstrating "by clear and convincing circumstances" that the benefits of a stay "outweigh[] potential harm to" the State. *Williford*, 715 F.2d at 127. The motion to stay should be denied.

Dated: April 1, 2026

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

PATRICIA V. TIPON (28786)
JULIE KUSPA (21432)
MATTHEW ZIMMERMAN (01222)
JUDD CRANE (32116)
Assistant Attorneys General
Office of the Attorney General
1800 Washington Boulevard, Suite 6048
Baltimore, Maryland 21230
patricia.tipon@maryland.gov
julie.kuspa@maryland.gov
matthew.zimmerman@maryland.gov
judd.crane@maryland.gov
(410) 537-3061

ADAM D. SNYDER (25723)
Assistant Attorney General
Office of the Attorney General
120 E. Baltimore Street
Baltimore, Maryland 21202
adam.snyder1@maryland.gov
(410) 767-1409

10

*and*

/s/ *Ashley B. Campbell*

STEPHANIE D. BIEHL (*pro hac vice*)
ASHLEY B. CAMPBELL (*pro hac vice*)
PAUL STEPHAN (*pro hac vice*)
SHER EDLING LLP
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
stephanie@sheredling.com
ashley@sheredling.com
paul@sheredling.com
(628) 231-2500

SCOTT E. KAUFF (20260)
ALEXANDER LATANISION (*pro hac vice*)
DEREK Y. SUGIMURA (28600)
LAW OFFICES OF JOHN K. DEMA, P.C.
One Central Plaza
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
skauff@demalaw.com
alatanision@demalaw.com
dsugimura@demalaw.com
(202) 309-0200

JOHN D.S. GILMOUR (*pro hac vice*)
WILLIAM J. JACKSON (*pro hac vice*)
FANNY B. TURCIOS (*pro hac vice*)
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd
Houston, Texas 77027
jgilmour@kelleydrye.com
bjackson@kelleydrye.com
fturcios@kelleydrye.com
(713) 355-5000

MELISSA E. BYROADE (31335)
FRANCIS B. MORRIS (*pro hac vice*)
KELLEY DYRE & WARREN LLP
670 Maine Ave SW, Suite 600
Washington D.C., 20024
mbyroade@kelleydrye.com
fmorris@kelleydrye.com
(202) 342-8400

*Attorneys for the State of Maryland*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of April 2026, the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which served a copy on all counsel of record.

/s/ Ashley B. Campbell
Ashley B. Campbell