**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| STATE OF MARYLAND,<br><br>       *Plaintiff,*<br><br>   v.<br><br>3M COMPANY; CORTEVA, INC.; DUPONT DE NEMOURS, INC.; EIDP, INC., (f/k/a E.I. DU PONT DE NEMOURS AND COMPANY); AND THE CHEMOURS COMPANY,<br><br>       *Defendants.* | Case No. 1:23-cv-01836-RDB |

**REPLY IN SUPPORT OF DEFENDANT 3M COMPANY'S MOTION TO STAY**

The State's opposition confirms that a brief stay is warranted. Although the State chose to delay all meaningful progress in this case for years in pursuit of its jurisdictional gambit to litigate in state court—including a full year spent seeking *en banc* and Supreme Court review of the Fourth Circuit's decision reversing remand—it now opposes a short two-month pause while the Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel") considers whether to transfer this case to the AFFF MDL. The State asks this Court to race to resolve its remand motion before the JPML decides transfer, imposing significant burdens on both the Court and the parties. That approach would create the precise duplication of efforts and risk of inconsistent decisions that 28 U.S.C. § 1407 is designed to avoid.

All the stay factors are amply satisfied. *First*, the State would not be prejudiced by a brief two-month stay. The primary reason the State urges this Court to rush—that otherwise its objections to federal jurisdiction might remain unresolved "for years" after transfer to the MDL—

is legally irrelevant and factually baseless. Opp. at 2.[1] The question before the Court is whether Maryland would be prejudiced by a short stay until the JPML can decide transfer, not about any prejudice from transfer itself. In any event, there is no reason to expect that the MDL Court would delay. In the past month alone, the MDL Court has issued four rulings resolving remand motions in over a dozen cases, including a decision denying the State of South Carolina's remand motion in its "mirror[]" case that addressed the very same two remaining removal requirements left open by the Fourth Circuit's decision in the consolidated appeal. *See Maryland v. 3M Co.*, 130 F.4th 380, 384, 392–93 (4th Cir. 2025). The MDL Court is thus poised to efficiently resolve the Maryland's remand motion upon transfer.

*Second,* by contrast, 3M would be prejudiced by the denial of a stay. By seeking briefing and a decision on remand before the JPML can act, the State is not only needlessly burdening judicial and party resources, but it is also hoping that this Court will resolve its jurisdictional objections differently from how the MDL Court resolved South Carolina's identical objections. Such a risk of inconsistent rulings is a well-recognized form of prejudice, which is why federal courts generally refrain from resolving remand motions prior to a transfer decision where (as here) common legal issues are being addressed by an MDL court.

*Third*, a brief stay supports judicial economy. 3M's motion demonstrated that this case is likely bound for the AFFF MDL in a matter of weeks: as the Fourth Circuit has confirmed, this case will necessarily involve litigation and discovery pertaining to AFFF, such that it should proceed in the MDL alongside Maryland's other "overlapping" PFAS case. *Maryland*, 130 F.4th at 385, 391. What the JPML referred to as an "[un]surprising" possibility when it initially declined

---

[1] 3M's motion to stay (ECF No. 63) is cited herein as "Mot." The State's opposition (ECF No. 80) is cited herein as "Opp."

to transfer this case—that this "ostensibly non-AFFF action" would develop into one "more properly treated as an AFFF case"—has thus come to pass. *See* Order Denying Transfer at 4, *In re Aqueous Film-Forming Foams*, MDL No. 2873 (J.P.M.L. Oct. 4, 2023), ECF No. 2129 ("Order Denying Transfer"). The likelihood of transfer has only grown in recent weeks, now that the JPML has transferred Maine's "non-AFFF" case, invoking a similar decision by the First Circuit in *Maine v. 3M Co., Inc.*, 159 F.4th 129 (1st Cir. 2025). *See* Transfer Order at 5-7, *In re Aqueous Film-Forming Foams*, MDL No. 2873 (J.P.M.L. Apr. 2, 2026), ECF No. 4225 ("Transfer Order").

With the JPML's next round of transfer decisions just two months away, the most efficient course is to pause these proceedings while the JPML considers 3M's pending motion to transfer. If this case is transferred, then the MDL Court can promptly resolve the State's remand motion consistently with the many similar motions it continues to address. By contrast, if the case is not transferred, a stay will have paused this still-nascent litigation by only an additional two months.

### I.    A Stay Will Not Prejudice the State.

The State's only basis for its claim of prejudice is to complain about further delay. This argument fails on the facts and the law, and rings especially hollow given the lengthy years-long delays caused by the State's jurisdictional stratagem itself.

### A. The MDL Court's Recent Rulings Disprove the State's Delay Concerns.

The State speculates that in the event of transfer, its remand motion would "languish" in the MDL "for years," Opp. at 9–10, but recent events indicate the very opposite. Just last week, the MDL Court decided an *identical* remand motion in the South Carolina "mirror[]" case that had been consolidated on appeal with this one. *See South Carolina v. 3M Co.*, No. 2:23-cv-05979, 2026 WL 898450 (D.S.C. Apr. 1, 2026); *Maryland*, 130 F.4th at 384. In *South Carolina*, with no need for supplemental briefing, the MDL Court applied the Fourth Circuit's guidance and held

that "3M has satisfied all elements showing federal officer removal is proper" and that the State's "AFFF disclaimer and 'artful pleading d[id] not trump 3M's theory for removal.'" 2026 WL 898450, at *3 (quoting *Maryland*, 130 F.4th at 390). Remarkably, the State acknowledges the *South Carolina* ruling in a passing footnote, but dismisses it as irrelevant and omits its outcome. Opp. at 5 n.2. That is wrong. The ruling in *South Carolina*, which addressed the same legal issues Maryland apparently intends to raise in any supplemental briefing here, *see* ECF No. 61, all but eliminates the possibility that its motion would "languish" in the MDL for "years." Opp. at 2.

The prompt ruling in *South Carolina* was not an outlier. Following the completion of the lengthy process for further appellate review that Maryland and South Carolina sought *en banc* and before the Supreme Court, the MDL Court has also in recent weeks addressed a dozen other remand motions that were pending at the time of transfer. *See*, *e.g.*, Opinion and Order, *City of Savannah v. 3M Co., Inc.*, No. 2:25-cv-4812-RMG (D.S.C. Mar. 20, 2026), ECF No. 152 (denying Savannah's remand motion); Order, *Muscle Shoals, Alabama v. 3M Co., Inc.*, No. 2:24-cv-7479-RMG (D.S.C. Mar. 17, 2026), ECF No. 66 (denying Muscle Shoals and Colbert County's remand motions). Judge Gergel decided these motions just months after they were fully briefed, and just weeks after the Supreme Court denied the State's petition for certiorari in this case, confirming the Fourth Circuit's decision as governing law. In total, in the last month alone, the MDL Court has now issued four decisions denying remand in 13 cases. *See In re: Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-cv-02873-RMG (D.S.C.), ECF Nos. 8931, 8942, 8983, 9002. There is every reason to expect a similarly prompt resolution of Maryland's motion upon transfer.

The State's reliance on the pendency of the remand motions filed by Wisconsin, Illinois, and Michigan, Opp. at 5, is therefore misplaced. Those cases were transferred *before* the Fourth Circuit's decision (and the subsequent *en banc* and cert denials) clarified the legal framework that

the MDL Court is now applying. As the recent ruling in *South Carolina* demonstrates, the MDL Court now has clear appellate guidance and is in the process of promptly adjudicating pending remand motions. So contrary to the State's suggestion, it is "clear that 'the transferee judge [will] decide [remand] together with similar motions.'" *Id.* at 6 (quoting *Yearwood v. Johnson & Johnson, Inc.*, No. 12-cv-1374, 2012 WL 2520865, at *3 (D. Md. June 27, 2012)).

### B. The Mere Possibility of Delay Is Not a Reason to Deny a Stay.

Even if there were some possibility that Maryland's remand motion would not be decided in short order upon transfer, that would not warrant denying a stay here. As the JPML has repeatedly emphasized, "[t]ransfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, *even if some parties to the action might experience inconvenience or delay*." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2021 WL 755083, at *2 (J.P.M.L. Feb. 4, 2021) (emphasis added); *see also* Transfer Order at 3 (reaffirming same principle). For that reason, courts regularly stay proceedings pending transfer even where "there may be some delay in obtaining a ruling concerning" a then-pending motion, given the broader need to "promote judicial efficiency, avoid duplicative litigation, and avoid the risk of inconsistent results." *Mississippi ex rel. Hood v. Dollar Gen. Corp.*, No. 3:17-cv-801, 2017 WL 11373464, at *2 (S.D. Miss. Nov. 14, 2017) (internal quotation marks omitted).

The State emphasizes the "threshold" nature of subject-matter jurisdiction, Opp. at 6.,but, as the JPML has repeatedly made clear, as recently as last week, "[p]ending remand motions generally do not present an impediment to transfer," Transfer Order at 3 (quoting *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001)). If pending remand motions do not impede *transfer*, they should pose even less of an obstacle to a brief stay allowing the JPML to *consider* transfer. Indeed, a brief stay of all proceedings to determine which

court should decide the jurisdictional question in the first instance is, if anything, more respectful of jurisdictional principles. And as shown below, the State completely ignores that a key basis for transfer is the need for consistency of decisions on the very same issues the State asks this Court to rush to address.

### C.  3M's Requested Stay Is Brief.

In any event, the State conflates the possibility of delay *after* transfer with the brief two-month pause 3M requests. This Court is not being asked to evaluate whether Maryland would be prejudiced by a delay after transfer; it is merely being asked to evaluate the propriety of a brief stay before a decision on transfer is rendered. The stay 3M requests would last only until the JPML has the opportunity—at *next month's* hearing session—to determine whether this action will be transferred. Courts routinely find that such a brief pause does not constitute prejudice. *See Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134–35 (D. Me. 2009) (granting stay where delay would be "measured in weeks"); *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013) ("[S]uch short delays . . . usually do not prejudice the plaintiff."); *Gallagher v. Boehringer Ingelheim Pharms., Inc.*, No. 22-cv-10216, 2023 WL 402191, at *9 (S.D.N.Y. Jan. 25, 2023) (similar).

### II.    3M Will Be Prejudiced Without a Stay.

The State argues that denial of a stay would not prejudice 3M because "[t]he only item the State seeks to address while the motion to transfer is pending is the question of subject matter jurisdiction." Opp. at 8. But in a case that is likely bound for another court, it makes no sense to expend the parties' and this Court's limited resources briefing and deciding issues that are likely to soon be presented to a different court.

The State evidently hopes that this Court will resolve its remand motion before the JPML

transfers the case, and that it might reach a different result from the MDL Court's decision upholding federal jurisdiction in the "mirror[]" *South Carolina* case. But that strategy only underscores the prejudice to 3M and the disregard for the MDL process from further duplicative proceedings. As courts have repeatedly recognized, the risk of inconsistent rulings constitutes prejudice to the party seeking a stay. *See Lane v. Davol, Inc.*, No. 2:18-CV-164, 2018 WL 2538605, at *2 (S.D. Ohio June 4, 2018); *Yearwood*, 2012 WL 2520865, at *4; *W. Virginia ex rel. McGraw v. Countrywide Fin. Corp.*, No. CV 3:08-1093, 2008 WL 11430010, at *1 (S.D.W. Va. Nov. 5, 2008) (stay necessary to "promote uniformity and predictability"). Here, a decision inconsistent with the MDL Court's order in *South Carolina* would also prompt another appeal to the Fourth Circuit, as well as an automatic stay of this case pending appeal. *See City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025) (notice of appeal of a decision remanding a case to state court automatically stays the case).

## III.    Judicial Economy Supports a Stay.

The State cannot credibly dispute that a stay would serve judicial economy. The MDL Court is deeply familiar with the legal issues related to the State's remand motion, including as a result of its recent ruling in *South Carolina*, which the court issued without need for any of the supplemental briefing the State seeks to file here. The State's opposition conveniently ignores this history and would instead burden this Court with addressing issues the MDL Court is well positioned to address upon transfer.

To begin, the State cannot seriously contest that this case is likely bound for the MDL in light of the Fourth Circuit's ruling.[2] It notes that the JPML previously declined to transfer this case,

---

[2] The State also does not and cannot contest that the JPML has repeatedly transferred putative "non-AFFF" actions brought by states when their maintenance of separate AFFF and non-AFFF actions has become untenable, as detailed in 3M's opening brief. *See* Mot. at 8.

and that the Clerk of the JPML declined to issue a conditional transfer order, *see* Opp. at 3, but neither is dispositive. In denying transfer in 2023, the Panel expressly invited 3M to seek transfer again if the State's "attempt to separate its AFFF and non-AFFF claims becomes untenable"—a result the Panel said "would not be surprising." Mot. at 3 (quoting Order Denying Transfer at 4). And JPML Rule 7.1(b)(i) expressly contemplates that the Panel may transfer a case after its Clerk declines to issue a conditional transfer order. Indeed, just last week, the JPML transferred two cases to the AFFF MDL that it had previously declined to transfer, explaining that transfer is "now warranted" because of the "clear overlap among [those] actions and actions pending in the MDL." Transfer Order at 2. The JPML's transfer of *Maine*—which put an end to another state's similar pursuit of overlapping claims inside and outside the MDL—provides all the more reason to expect transfer of this case. *Id.* at 5–7.

Faced with a likely transfer, the State nonetheless argues that judicial economy would be best served by a "prompt determination of jurisdiction." Opp. at 8. But (again) courts in similar circumstances routinely find that judicial economy supports a stay even when a remand motion is pending, particularly where it raises issues similar to those that have arisen in the MDL court. "[W]here a motion to remand and motion to stay are pending, courts have held that 'deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Alanis v. Pfizer, Inc.*, No. 1:14-cv-00365, 2014 WL 1711702, at *2 (E.D. Cal. Apr. 30, 2014) (quoting *Rifenbery v. Organon USA, Inc.*, No. 13-cv-05463-JST, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014)); *see also Hood*, 2017 WL 11373464, at *2 (similar); *Little v. McKesson Corp.*, No. 16-CV-2144-AJB-DHB, 2016 WL 8668899, at *2 (S.D. Cal. Dec. 16, 2016) (similar). "In deciding whether to rule on the motion to remand, 'courts consider whether the motion raises issues likely

to arise in other actions pending in the MDL transferee court.'" *Rifenbery*, 2014 WL 296955, at *1 (quoting *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004)); *see also Wood v. Johnson & Johnson*, No. 12–cv-1572, 2012 WL 3240934, at *2 (D. Md. Aug. 3, 2012) (observing that "judicial resources will be saved by staying the case pending transfer" because the MDL court "will likely consider other, similar, motions to remand for lack of subject matter jurisdiction" involving "common issues").

Here, the issues contemplated by Maryland's motion to remand are not merely "likely to arise" in the MDL—the MDL Court "has *already* ruled on a number of motions to remand" involving the same legal issues, including in the "mirroring" *South Carolina* case, and has deep "experience" and "familiarity" with those issues. *See Moore v. Wyeth-Ayerst Lab'ys*, 236 F. Supp. 2d 509, 511–12 (D. Md. 2002) (staying decision on remand motion to "further[] the goals of judicial economy and consistency"). It would be especially wasteful—and antithetical to judicial economy—for this Court to spend the coming weeks ordering briefing and then considering a remand motion when the MDL Court has just decided a materially identical motion and will likely have jurisdiction over this case in two months. *See South Carolina*, 2026 WL 898450, at *3.

The State cites *Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 809 (M.D. Tenn. 2019), and *County of Anderson v. Rite Aid of S.C., Inc.*, No. 8:18-cv-1947, 2018 WL 8800188 (D.S.C. Aug. 20, 2018), for the proposition that a remand decision should not await transfer. Opp. at 8-9. But both cases are readily distinguishable. In *County of Anderson*, the transferee judge had "stated that he is not going to act on any motions to remand, and ha[d] placed a moratorium on filing such motions." 2018 WL 8800188, at *3. Similarly, in *Dunaway*—which itself noted the "general rule [that] federal courts [should] defer ruling on pending motions to remand" until after a transfer decision—involved a "heavily burdened" MDL court facing a "veritable sea" of cases,

such that the district court anticipated any jurisdictional ruling would be "indefinitely postpone[d]." 391 F. Supp. 3d at 808 (quoting *Beshear v. Volkswagen Grp. of Am., Inc.*, No. 16-cv-27, 2016 WL 3040492, at *8 (E.D. Ky. May 25, 2016)). Despite the State's professed concern about the MDL court's "massive caseload," *see* Opp. at 5, the MDL Court has been actively resolving similar remand motions in the weeks since the Supreme Court's cert denial, *see supra* at 3–4, dispelling the State's concern that its motion would "languish" for "years," Opp. at 9-10.

The posture of the case only reinforces this conclusion. If the JPML transfers this case to the AFFF MDL, the MDL Court can apply the same Fourth Circuit law it has just applied in the "mirror[]" South Carolina case to resolve the State's motion in a uniform manner. And "should the MDL Panel decide not to transfer this case," this Court will have only paused the litigation by approximately two months and can then promptly resolve the State's remaining objections to federal jurisdiction, "causing little delay to the Plaintiffs." *Yearwood* 2012 WL 2520865, at *2–3. A short stay will thus conserve judicial resources, prevent duplicative litigation, and ensure uniform adjudication of the common issues at the heart of this case and the State's overlapping AFFF case in the MDL.

## CONCLUSION

For the foregoing reasons, in addition to those set forth in 3M's opening brief, the Court should grant 3M's motion and stay all proceedings in this matter pending the JPML's transfer decision.

DATED: April 8, 2026

Respectfully submitted,

/s/ *Tonya Kelly Cronin*
Tonya Kelly Cronin (Bar No. 27166)
Alison C. Schurick (Bar No. 19770)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, MD 21202
(410) 862-1049
tykelly@bakerdonelson.com
aschurick@bakerdonelson.com

Lauren R. Goldman (*pro hac vice*)
Justine Goeke (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
lgoldman@gibsondunn.com
jgoeke@gibsondunn.com

Amir C. Tayrani (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
1700 M Street, NW
Washington, DC 20036
(202) 955-8500
atayrani@gibsondunn.com

Daniel L. Ring
Terri L. Mascherin (*pro hac vice* forthcoming)
Jenner & Block LLP
353 N. Clark St.
Chicago, Illinois 60654
Tel: (312) 923-2625
dring@jenner.com
tmascherin@jenner.com

Joanna Wright (*pro hac vice* forthcoming)
Jenner & Block LLP
1155 Ave. of the Americas
New York, NY 10022
Tel: (212) 891-1600
jwright@jenner.com

*Counsel for 3M Company*

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of April 2026, the foregoing was electronically filed with the Clerk of the Court using this Court's CM/ECF system, which served a copy on all counsel of record.

/s/ *Tonya Kelly Cronin*
Tonya Kelly Cronin