353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456          **JENNER&BLOCK** LLP

Daniel L. Ring
Tel: +1 312 923-2625
Fax: +1 312 527-0484
Dring@jenner.com

April 8, 2026

**Via ECF**
Hon. Richard D. Bennett
Edward A. Garmatz United States Courthouse
101 West Lombard Street
Chambers 5D
Baltimore, MD 21201

Re:     ***State of Maryland v. 3M Company, et al.***, **Civil Case No. 1:23-cv-01836-RDB**

Dear Judge Bennett:

As directed by the Court, 3M submits this brief statement on efficient management of this case in light of 3M's pending motion to stay (ECF No. 63), along with its reply brief (ECF No. 81) in support of that motion filed today. As the Court knows, on March 7, 2025, the Fourth Circuit held that "3M meets the nexus element of the federal officer removal statute," because "Military AFFF production is inextricably related to the State's general allegations of PFAS contamination." *Maryland v. 3M Co.*, 130 F.4th 380, 392–93 (2025). In doing so, it returned both this case and South Carolina's "mirror[ ]" suit to federal court for further consideration "whether 3M satisfied the other elements needed for federal officer removal." *Id.* at 393.

Because the Fourth Circuit has now made clear that 3M's production of AFFF is "inextricably related" to this purported non-AFFF suit, 3M has moved the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this case to the AFFF MDL. In denying transfer in 2023, the Panel expressly invited 3M to seek transfer again if the State's "attempt to separate its AFFF and non-AFFF claims becomes untenable"—a result the Panel said "would not be surprising." Order Denying Transfer at 4, *In re Aqueous Film-Forming Foams*, MDL No. 2873 (J.P.M.L. Oct. 4, 2023), ECF No. 2129. The JPML will consider 3M's motion at its May 28 hearing, with a decision expected within two weeks thereof (just about two months from now). And a recent April 2 JPML decision transferring six other purported non-AFFF cases to the MDL underscores that transfer is likely here. Most significantly, the JPML transferred the State of Maine's purported non-AFFF suit after the First Circuit's decision in *Maine v. 3M Co.*, 159 F.4th 129 (1st Cir. 2025) reversed a remand order on grounds similar to the Fourth Circuit's decision here.[1] In doing so, the JPML stressed that the same concerns about Maine's ineffective attempt to disclaim AFFF that motivated the First Circuit's decision likewise merited transfer to the MDL.[2]

---

[1] Transfer Order at 5–7, *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873 (J.P.M.L. Apr. 2, 2026), ECF No. 4225, attached hereto as Exhibit A.
[2] *Id.* at 6 n.6.

Page 2

Further, in that same order, the JPML transferred two other cases that it had previously declined to transfer.[3] 3M is confident the same result will obtain here.

Against this backdrop, the State's request for further briefing and a remand decision by this Court prior to a transfer decision would undermine two key MDL features: (1) conservation of judicial and party resources and (2) consistency in pretrial rulings.[4] Thus, for the reasons 3M explained in more detail in its motion and reply, a brief two-month stay is warranted.

That the Fourth Circuit left open resolution of the two remaining requirements for federal officer removal does not require a different result. As the JPML explained in last week's transfer order, "[p]ending remand motions generally do not present any impediment to transfer," because those "motions can be presented to and decided by the transferee judge."[5] And contrary to the State's predictions of delays upon transfer (ECF No. 80-1 at 2, 4), the MDL court has ruled on 13 remand motions in the past few weeks alone.[6]

One of those motions was brought by South Carolina—Maryland's companion on appeal at the Fourth Circuit. Without further briefing following the Fourth Circuit's decision, the MDL Court held that 3M satisfied the two remaining removal requirements.[7] That the MDL Court has denied remand in the "mirror[]" South Carolina suit on the same grounds the State would present here underscores the need for a stay. To push forward with a decision on remand in this Court would serve only to risk inefficiency, inconsistent decisions, and another potential appeal to the Fourth Circuit, all without any material countervailing gains. Indeed, the State cannot credibly claim that it is prejudiced by a brief two-month pause—it spent nearly a year seeking *en banc* and Supreme Court review of the Fourth Circuit's decision.

In sum, 3M respectfully asks the Court to stay this case pending the JPML's decision on transfer. If the Court is inclined to permit any further briefing on the issues identified by the Fourth Circuit prior to a decision on transfer, 3M proposes that the State file any supplemental briefing on the issues whether 3M (1) acted under a federal officer and (2) has a colorable federal defense within 14 days of an order denying a stay, and that 3M be provided 14 days thereafter to respond.[8] However, even if the parties do submit further briefing on the State's motion to remand, for the reasons stated above, 3M proposes that the Court defer any decision on that motion pending a decision on transfer by the JPML.

---

[3] *See, e.g.*, *id.* at 1-2 (transferring *Shelby County* and *City of Irondale* after prior denials).

[4] *See generally* Exhibit A.

[5] Ex. A at 3 (internal quotation marks omitted).

[6] *See In re Aqueous Film-Forming Foams Products Liability Litigation*, No. 2:18-mn-02873 (D.S.C.), ECF Nos. 8931, 8942, 8983, 9002.

[7] *See South Carolina v. 3M Co.*, No. 2:23-cv-05979, 2026 WL 898450 (D.S.C. Apr. 1, 2026).

[8] To the extent the State vaguely suggested at the status conference a new ground for remand arising out of 3M's motion to dismiss that is not foreclosed or waived, the State has already stipulated to stay further briefing on that motion pending a transfer and remand decision. That new ground, whatever it may be, should be addressed by the MDL Court if the case is transferred and, in any event, can be taken up in connection with 3M's motion to dismiss as applicable.

Page 3

Respectfully submitted,

/s/  *Daniel L. Ring*
Daniel L. Ring
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
Tel: (312) 923-2625
dring@jenner.com

*Counsel for 3M Company*