# SHER EDLING LLP
*PROTECTING PEOPLE AND THE PLANET*

April 8, 2026

<u>*Via ECF*</u>

The Honorable Richard D. Bennett
United States District Court Judge
District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

**Re:** ***State of Maryland v. 3M Company, et al.*, Civil Case No. 1:23-cv-01836-RDB**

Dear Judge Bennett:

Pursuant to the Court's instructions during the April 2, 2026 status conference, Plaintiff, the State of Maryland ("the State"), writes to identify the topics that it believes require briefing on remand from the Fourth Circuit.

**First, the parties must brief whether 3M "(1) acted under a federal officer and (2) has a colorable federal defense," which are the two issues the Fourth Circuit remanded for this Court to resolve in the first instance.** The Fourth Circuit "le[ft] it to the district court[] to consider whether 3M is . . . entitled to federal officer removal." *Maryland v. 3M Co.*, 130 F.4th 380, 393 (4th Cir. 2025). To be so entitled, 3M must still demonstrate that it "(1) acted under a federal officer and (2) has a colorable federal defense." *Id.* at 392-93. Those two issues have not been resolved and have been only minimally briefed, as the parties focused their initial briefing on whether the conduct charged in the complaint "related to" 3M's supplying of AFFF to the federal government. Given the passage of time since the initial round of briefing and the several recent cases involving federal officer removal in other PFAS cases, the State believes that refreshed briefing of the two issues remaining on remand would be appropriate. As to the first, 3M has never asserted that it acted under a federal officer with regard to any product at issue in this case. And as to the second, 3M has no colorable federal defense. 3M asserts a government-contractor defense, but 3M cannot colorably establish two essential prongs of that defense: "(1) the United States approved reasonably precise specifications; . . . and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988). 3M does not identify any specification for any product for which it is being sued in this case. Notice of Removal ¶ 50 & n.30 (ECF No. 1). And 3M has not tried to show that *it*—the supplier—warned the United States. *Id.* ¶ 51; *see In re: Aqueous Film-Forming Foams ("AFFF") Prods. Liab. Litig.*, No. 2:18-mn-2873-RMG, 2022 WL 4291357, at *8-12 (D.S.C. Sept. 16, 2022) (in ruling on 3M's summary judgment motion regarding AFFF, observing that "3M knowingly withheld highly material information" from the government).

**Second, the parties must brief a new issue, arising out of 3M's recently filed motion to dismiss, as to whether the Court has subject matter jurisdiction.** In its Motion to Dismiss filed on March 18, 2026, 3M explicitly cites "black letter law that 'Article III of the Constitution requires a litigant to possess standing to sue in order for a lawsuit to proceed in federal court.'"

The Honorable Richard D. Bennett
District of Maryland
April 8, 2026

*Id.* (quoting *Ali v. Hogan*, 26 F.4th 587. 595 (4th Cir. 2022)).  3M  states that standing requires, among other things, a "cognizable injury," and that "the State cannot establish a cognizable injury."  *Id.* at 13-15.  3M's position on standing is incompatible with the Court's subject matter jurisdiction over this case and requires remand.

When "the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of . . . demonstrating the court's jurisdiction over the matter*."  Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).  "[S]tanding implicates a federal court's subject matter jurisdiction."  *PEM Entities LLC v. County of Franklin*, 57 F.4th 178, 182 (4th Cir. 2023).  Because 3M asserts that the State lacks standing, it fails to carry its burden of establishing the Court's jurisdiction and thus, by statute, "the case shall be remanded." 28 U.S.C. § 1447(c); *see, e.g.*, *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) (ordering remand of removed action because defendant asserted a lack of an Article III injury); *Higdon v. Lincoln Nat'l Ins. Co.*, No. 13-cv-2152, 2014 WL 6951290, at *12 (D. Md. Dec. 8, 2014) (same); *Cumberland County v. Chemours Co.*, 608 F. Supp. 3d 294, 298 (E.D.N.C. 2022) (same).

The State proposes that the Court enter a briefing schedule and page limits to address the second issue first, as it provides a separate, independent basis for remand and can be briefed and resolved on a more expedited basis:

- The State's renewed motion to remand due in 10 days, limited to 8 pages;
- 3M's opposition due 10 days thereafter, limited to 8 pages;
- The State's reply due 5 days thereafter, limited to 4 pages.[1]

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

PATRICIA V. TIPON (28786)
JULIE KUSPA (21432)
MATTHEW ZIMMERMAN (01222)
JUDD CRANE (32116)
Assistant Attorneys General
Office of the Attorney General

---

[1] Because "jurisdiction [must] be established as a threshold matter," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998), this briefing schedule and limited page count are designed to give the Court the opportunity to rule on remand before the JPML decides 3M's renewed motion to transfer this case to the MDL.  *In re: AFFF Prods. Liab. Litig.*, MDL No. 2873, ECF No. 4204 (J.P.M.L. Mar. 18, 20262026); *see* Mot. to Stay at 7 (ECF No. 63-1) (JPML likely to decide the Motion to Transfer at its May 28 hearing).  As the State argued in opposition to 3M's motion for stay, jurisdictional issues like those described above should be decided promptly.  (ECF No. 80.)  The State's proposed approach would allow for that.  If the Court were to assert jurisdiction despite 3M's position that the State lacks standing, the parties would then brief the federal officer removal issues remanded from the Fourth Circuit. Alternatively, should the Court wish to have the parties brief both jurisdictional issues together, the State would recommend a slightly longer timeline: The State's renewed motion to remand due in 14 days, limited to 15 pages; 3M's opposition due 14 days thereafter, limited to 15 pages; The State's reply due 7 days thereafter, limited to 8 pages.

SHER EDLING LLP
*PROTECTING PEOPLE AND THE PLANET*

The Honorable Richard D. Bennett
District of Maryland
April 8, 2026

1800 Washington Boulevard, Suite 6048
Baltimore, Maryland 21230
patricia.tipon@maryland.gov
julie.kuspa@maryland.gov
matthew.zimmerman@maryland.gov
judd.crane@maryland.gov
(410) 537-3061

ADAM D. SNYDER (25723)
Assistant Attorney General
Office of the Attorney General
120 E. Baltimore Street
Baltimore, Maryland 21202
adam.snyder1@maryland.gov
(410) 767-1409

*and*

*/s/ Ashley B. Campbell*

STEPHANIE D. BIEHL (*pro hac vice*)
ASHLEY B. CAMPBELL (*pro hac vice*)
PAUL STEPHAN (*pro hac vice*)
SHER EDLING LLP
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
stephanie@sheredling.com
ashley@sheredling.com
paul@sheredling.com
(628) 231-2500

SCOTT E. KAUFF (20260)
ALEXANDER LATANISION (*pro hac vice*)
DEREK Y. SUGIMURA (28600)
LAW OFFICES OF JOHN K. DEMA, P.C.
One Central Plaza
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
skauff@demalaw.com
alatanision@demalaw.com
dsugimura@demalaw.com
(202) 309-0200

JOHN D.S. GILMOUR (*pro hac vice*)
WILLIAM J. JACKSON (*pro hac vice*)
FANNY B. TURCIOS (*pro hac vice*)

3

**SHER EDLING LLP**
*PROTECTING PEOPLE AND THE PLANET*

The Honorable Richard D. Bennett
District of Maryland
April 8, 2026

KELLEY DRYE & WARREN LLP
515 Post Oak Blvd
Houston, Texas 77027
jgilmour@kelleydrye.com
bjackson@kelleydrye.com
fturcios@kelleydrye.com
(713) 355-5000

MELISSA E. BYROADE (31335)
FRANCES B. MORRIS (*pro hac vice*)
KELLEY DYRE & WARREN LLP
670 Maine Ave SW, Suite 600
Washington D.C., 20024
mbyroade@kelleydrye.com
fmorris@kelleydrye.com
(202) 342-8400

*Attorneys for the State of Maryland*

cc: All Counsel via ECF

4

SHER EDLING LLP
*PROTECTING PEOPLE AND THE PLANET*
