# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STATE OF MARYLAND,                          *

    *Plaintiff*,                        *

    v.                              *    Civil Action No. RDB-23-1836

3M COMPANY, *et al.*,                       *

    *Defendants*.                        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM ORDER</u>

Plaintiff State of Maryland ("Plaintiff" or "the State") initiated this civil action on May 30, 2023, by filing in the Circuit Court for Baltimore City, Maryland, an eleven-Count Complaint "to address widespread contamination" of natural resources allegedly by per-and polyfluoroalkyl substances ("PFAS"). *See generally* (ECF No. 5). The Complaint (ECF No. 5) alleges various products liability, tort, and state statutory environmental claims against Defendants Corteva, Inc.; Dupont De Nemours, Inc.; EIDP, Inc., formerly known as E.I. Du Pont De Nemours and Company; The Chemours Company; and 3M Company ("3M") (collectively, "Defendants"). On July 10, 2023, Defendants removed the action to this Court based on federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442. *See* (ECF No. 1).

Presently pending before this Court are several motions filed by the parties,[1] including Defendants' Motion to Stay this Action Pending Transfer Decision by the Judicial Panel on

---

[1] As explained below, the procedural history of this matter is somewhat protracted. Plaintiff initially filed a Motion to Remand (ECF No. 23) in 2023. Separately, 3M filed a Motion to Stay (ECF No. 17) pending an original transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML"). This Court granted 3M's Motion to Stay, *see* (ECF No. 18), and the case was stayed until the JPML denied 3M's request to transfer this matter to *In re: Aqueous Film-Forming Foams Products Liability Litigation* (MDL No. 2873), pending in the United

Multidistrict Litigation (ECF No. 63) ("Defendants' Motion").[2]  Plaintiff has responded in Opposition (ECF No. 80), and 3M has replied (ECF No. 81).  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  For the reasons set forth below, Defendants' Motion to Stay (ECF No. 63) is GRANTED, and this matter is STAYED for ninety (90) days (i.e., until July 22, 2026).

## BACKGROUND

As noted above, the State originally filed this action against Defendants in the Circuit Court for Baltimore City, Maryland, alleging claims based on "widespread contamination of Maryland's natural resources by . . . PFAS . . . ."  (ECF No. 80-1 at 2); *see also* (ECF No. 5). Defendant 3M then removed the action to this Court under the federal officer removal statute, 28 U.S.C. § 1442.  (ECF No. 1.)  Following removal, this Court granted Defendant 3M's Motion to Stay (ECF No. 17) pending decision by the Judicial Panel on Multidistrict Litigation ("JPML") of 3M's motion to transfer this matter to *In re: Aqueous Film-Forming Foams ("AFFF") Products Liability Litigation* (MDL No. 2873) ("*AFFF* MDL"), a multidistrict litigation presently pending in the United States District Court for the District of South Carolina.  *See* (ECF No. 18).  While the matter was stayed, Plaintiff filed a Motion to Remand (ECF No. 23).  The

States District Court for the District of South Carolina.  *See* (ECF No. 44). Following the JPML's denial of the request for transfer, this Court granted Plaintiff's Motion to Remand by Memorandum Order (ECF No. 47) dated February 12, 2024.  Defendants appealed this decision to the United States Court of Appeals for the Fourth Circuit.  The Fourth Circuit ultimately heard a consolidated appeal, *see* (ECF No. 52), reversed this Court's remand decision, and remanded the case to this Court for further consideration consistent with the Fourth Circuit's decision.  (ECF No. 54.)  3M then filed in this Court a Motion to Dismiss for Failure to State a Claim (ECF No. 62) ("3M's Motion to Dismiss") and a Motion to Stay (ECF No. 63) pending decision by the JPML on 3M's renewed motion to transfer this case to *In re: Aqueous Film-Forming Foams Products Liability Litigation* (MDL No. 2873).  Thus, presently pending before this Court are: (1) Plaintiff's Motion to Remand (ECF No. 23); (2) 3M's Motion to Dismiss (ECF No. 62); and (3) Defendants' Motion to Stay (ECF No. 63).
[2] Defendant 3M filed the original Motion to Stay (ECF No. 63), which all other Defendants joined via Notice (ECF No. 76) dated March 26, 2026.

JPML ultimately declined to authorize transfer of this matter to the *AFFF* MDL in 2023. (ECF No. 44.)

This Court granted Plaintiff's Motion to Remand by Memorandum Order (ECF No. 47) dated February 12, 2024, based on its conclusion that Defendants failed to establish one of the three elements of federal officer removal under 28 U.S.C. § 1442. Defendants appealed this Court's Memorandum Order to the United States Court of Appeals for the Fourth Circuit. (ECF No. 49). On appeal, the Fourth Circuit consolidated this case with a "mirroring lawsuit[]" brought by South Carolina. (ECF No. 54-2 at 4); *see* (ECF No. 52). On March 7, 2025, the Fourth Circuit issued an opinion reversing this Court's remand decision and remanding the matter to this Court for consideration of the remaining two elements of federal officer removal. *See generally* (ECF No. 54-2). The mandate of that opinion was stayed pending decision as to Plaintiff's petition for rehearing *en banc*, (ECF No. 55), which was denied. (ECF No. 56.) The State also filed a petition for certiorari with the Supreme Court of the United States, which was denied on March 2, 2026. *See* (ECF No. 63-1 at 6 (citing *Maryland v. 3M Co.*, No. 25-517, 2026 WL 568301 (U.S. Mar. 2, 2026))).

Thereafter, Defendant 3M again petitioned the JPML to transfer this matter to the *AFFF* MDL, which remains pending in the United States District Court for the District of South Carolina. *See* (ECF No. 80-1 at 3); (MDL No. 2873, ECF No. 4204). Defendants assert that AFFF "is a highly effective firefighting agent" that includes "PFAS compounds," and "[s]ince 2016, AFFF manufacturers and other defendants have faced numerous product-liability actions alleging harms from PFAS in AFFF." (ECF No. 63-1 at 4.) Thus, in 2018, the JPML formed the *AFFF* MDL to manage pretrial proceedings in such cases. (*Id.* at 4–5 (citing

*In Re AFFF Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018)).) The JPML is scheduled to consider 3M's transfer motion without oral argument at its May 28, 2026, hearing session in Milwaukee, Wisconsin. *See* (MDL No. 2873, ECF No. 4257 at 12).

On March 18, 2026, Defendant 3M filed the instant Motion to Stay this Action Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation (ECF No. 63) ("Defendants' Motion"), which the remaining Defendants subsequently joined, *see* (ECF No. 76). The State has responded in Opposition (ECF No. 80), and 3M has replied (ECF No. 81). Following an off-the-record status conference, the parties also filed brief Correspondence, (ECF Nos. 82, 83), summarizing their positions as to the pending remand issues. This matter is now ripe for review.

**STANDARD OF REVIEW**

The United States Supreme Court has long held that the "power to stay proceedings is incidental to the power inherent in every court" to control its own docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Williford v. Armstrong World Indus. Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (holding courts possess inherent power to stay an action to ensure the "efficient management of their dockets"). As this Court has previously noted, the Judicial Panel on Multidistrict Litigation has held that a district court judge can "either wait for a transfer order without ruling on a motion to remand, or . . . rule on the motion before a transfer order has been issued." *Moore v. Wyeth–Ayerst Lab'ys*, 236 F. Supp. 2d 509, 511 (D. Md. 2002) (citing *In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001)).

As the Fourth Circuit explained in *Maryland v. Universal Elections, Inc.*, 729 F.3d 370 (4th

Cir. 2013), "[t]he grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Id.* at 375 (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (first citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); and then citing *Landis*, 299 U.S. at 255). As Judge Bredar of this Court has recognized, in exercising this "broad discretion," *Clinton*, 520 U.S. at 706, a court considers: "(1) the impact on the orderly course of justice, sometimes referred to as judicial economy . . . ; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted." *Prepared Food Photos, Inc. v. N&K Foods, Inc.*, Civ. No. JKB-22-3372, 2023 WL 2652270, at *1 (D. Md. Mar. 27, 2023) (quoting *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018)).

**ANALYSIS**

**I.    Judicial economy**

Judicial economy strongly favors staying this case. As this Court has repeatedly recognized, in a case involving a pending motion to remand, a stay pending the JPML's transfer decision is an efficient use of judicial resources where the remand "motion raises issues that are common to other actions pending in the MDL transferee court." *Yearwood v. Johnson & Johnson, Inc.*, Civ. No. RDB-12-1374, 2012 WL 2520865, at *4 (D. Md. June 27, 2012); *see also Moore v. Wyeth-Ayerst Lab'ys*, 236 F. Supp. 2d 509, 511–12 (D. Md. 2002) (staying decision on motion to remand pending JPML transfer decision where transferee MDL court had already

5

decided several remand motions).  Specifically, where the MDL court is expected to or already has considered remand issues similar to those pending before this Court, "it furthers the goals of judicial economy and consistency" to stay the case pending decision of the JPML as to the transfer motion.  *Moore*, 236 F. Supp. 2d at 512.

As noted above, the Fourth Circuit consolidated Defendants' appeal of the remand issue in this case with a similar appeal of a case brought by South Carolina, *State of South Carolina v. 3M et al.* (USCA No. 24-1270, No. 2:23-cv-05979-RMG) ("South Carolina Case"), which is already pending before the *AFFF* MDL court.  *See* (ECF No. 52); (ECF No. 63-1 at 9); *In re: Aqueous Film-Forming Foams Prods. Liab. Litig.*, 2024 WL 1470056 (D.S.C. Feb. 29, 2024) *vacated and remanded Maryland v. 3M Co.*, 130 F.4th 380 (4th Cir. 2025).  The Fourth Circuit also remanded the South Carolina Case with instructions to consider remand issues like those addressed in Plaintiff's Motion to Remand (ECF No. 23) in this case.  *See 3M Co.*, 130 F.4th at 393.  Thus, issues similar to those briefed in the remand motion pending before this Court are also before the *AFFF* MDL court such that decision of Plaintiff's Motion to Remand before the JPML's transfer decision risks duplicative or inconsistent litigation.

To the extent Plaintiff argues that transfer to the *AFFF* MDL court could delay decision as to threshold jurisdictional issues, *see* (ECF No. 80-1 at 8–10), the *AFFF* MDL court is actively adjudicating remand issues, *see* (ECF No. 82 at 2 (explaining "MDL court has ruled on 13 remand motions in the past few weeks alone"); (MDL No. 2873, ECF Nos. 8931, 8942, 8983, 9002).  Where, as here, the remand issues before this Court are similar or equivalent to those pending in similar cases already transferred to an MDL, judicial economy favors a stay pending the JPML's transfer decision.  *See, e.g.*, *Moore*, 236 F. Supp. 2d at 511–12;

*Davis v. Biomet Orthopedics, LLC*, Civ. No. JKB-12-3738, 2013 WL 682906, at *2 (D. Md. Feb. 22, 2013) (staying case and deferring consideration of remand motion in interest of judicial economy where it was "likely that the same issue[s] will arise in other cases with similar motions to remand before the MDL court").

## II.    Hardship to 3M absent a stay

3M will be prejudiced absent a stay because it "will be forced to duplicate its litigation efforts and perhaps face inconsistent decisions in the different courts." *Davis*, 2013 WL 682906, at *2 (citing *Freisthler v. DePuy Orthopaedics, Inc.*, No. 11 Civ. 6580(DSF), 2011 WL 4469532, at *2 (C.D. Cal. Sept. 21, 2011)).  This Court has repeatedly recognized that "the significant burden of duplicative litigation," including the risk of inconsistent obligations arising from litigation in different courts, may prejudice a defendant absent a stay.  *Yearwood*, 2012 WL 2520865, at *4 (quoting *Freisthler*, 2011 WL 4469532, at *2); *Turner Constr. Co. v. W. Sur. Co.*, Civ. No. RDB-22-888, 2022 WL 2209104, at *2 (D. Md. June 21, 2022) (recognizing that risk of "inconsistent findings" may prejudice party seeking a stay); *see also Prepared Food Photos, Inc.*, 2023 WL 2652270, at *1 (citing *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001)).  In this case, 3M is a defendant in cases pending before the *AFFF* MDL court such that, absent a stay, it may face inconsistent rulings on remand issues common to both this matter and the matters pending in the *AFFF* MDL.

## III.    Whether issuance of a stay will prejudice the State of Maryland

Finally, issuance of a stay will not substantially prejudice the State in this case.  Although the State argues that it will be prejudiced by significant—potentially yearslong—delay in adjudication of the subject matter jurisdiction issues implicated in its remand motion, (ECF

7

No. 80-1 at 2, 4–8), "[t]here is no evidence that the JPML is delaying resolution of whether this case should be transferred to the MDL court, nor is there any evidence that the pending MDL . . . is proceeding slowly." *Davis*, 2013 WL 682906, at \*2 (quoting *Brewer v. DePuy Orthopaedics, Inc.*, No. 12 Civ. 1473(TEH), 2012 WL 1595083, at \*2 (N.D. Cal. May 4, 2012)). Indeed, this Court has recognized that delay is not significantly prejudicial where the MDL court "has already begun to set briefing schedules for remand motions pending" before the MDL. *Yearwood*, 2012 WL 2520865, at \*3. As discussed above, the JPML has scheduled consideration of 3M's transfer motion for May 28, 2026, and a decision is anticipated within weeks of such consideration. Thus, there is no significantly prejudicial delay resulting from a stay pending the JPML's decision of 3M's transfer motion, which is expected to issue within the next three months. Moreover, to the extent there exists any prejudice from this slight delay, the "significant burden [to 3M] of duplicative litigation" outweighs such prejudice to the State. *Yearwood*, 2012 WL 2520856, at \*2.

## CONCLUSION

For the reasons stated above, it is this 22nd day of April 2026 hereby ORDERED that

1. Defendant 3M's Motion to Stay (ECF No. 63), as joined by all other Defendants (ECF No. 76), is GRANTED;

2. This matter is STAYED for 90 days, until July 22, 2026; and

3. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record in this matter.

/s/
_____
Richard D. Bennett
United States Senior District Judge

8