Case 1:23-cv-01836-RDB     Document 85     Filed 06/05/26     Page 1 of 6
2:18-mn-02873-RMG          Date Filed 06/04/26     Entry Number 9604       Page 1 of 6
Case MDL No. 2873     Document 4397     Filed 06/04/26     Page 1 of 6

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2873

## TRANSFER ORDER

**Before the Panel**:* We are presented with three motions.  Defendant 3M Company moves under 28 U.S.C. § 1407(c) to transfer the District of Maryland *State of Maryland* action listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873.  The State opposes this motion.  Plaintiffs in the other two actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred their respective actions to the District of South Carolina for inclusion in MDL No. 2873.  With respect to the motion to vacate as to the *Corinth Gas & Water* action pending in the Northern District of Mississippi, Defendants 3M Company and BFI Waste Systems of Alabama, LLC, oppose the motion.  With respect to the motion to vacate as to the *City of Dayton* action pending in the Southern District of Ohio, Defendant United States of America opposes the motion.

After considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that aqueous film-forming foams (AFFFs) used at airports, military bases, or certain industrial locations caused the release of per- or polyfluoroalkyl substances (PFAS) into local groundwater and contaminated drinking water supplies.  The MDL actions share factual questions concerning the use and storage of AFFFs; the toxicity of PFAS and the effects of these substances on human health; and these substances' chemical properties and propensity to migrate in groundwater supplies.  *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018).

---

* Certain Panel members have interests that normally would disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter.  Accordingly, the Panel invoked the Rule of Necessity, and all Panel members present participated in the decision of this matter to provide the forum created by the governing statute, 28 U.S.C. § 1407.  *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig. (No. II)*, 273 F. Supp. 2d 1353, 1354 n.* (J.P.M.L. 2003); *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357–58 (J.P.M.L. 2001).  Judges Karen K. Caldwell and Madeline Cox Arleo were not present and did not participate in the decision of this matter.

Case 1:23-cv-01836-RDB    Document 85    Filed 06/05/26    Page 2 of 6
2:18-mn-02873-RMG    Date Filed 06/04/26    Entry Number 9604    Page 2 of 6
Case MDL No. 2873    Document 4397    Filed 06/04/26    Page 2 of 6

- 2 -

With respect to the motion to transfer *State of Maryland*, the State filed this "non-AFFF" action in Maryland state court in 2023, alongside an "AFFF" action. Both actions seek to recover damages for PFAS contamination of natural resources throughout Maryland. Both actions were removed to federal court, and the State's "AFFF" action was transferred to the MDL without opposition. We denied 3M's motion to transfer the "non-AFFF" action to the MDL, however, because the complaint on its face did not identify any sites contaminated by AFFF. *See* Order Denying Transfer at 2–3, MDL No. 2873 (J.P.M.L. Oct. 4, 2023), ECF No. 2129. Following our decision, the transferor court granted the State's motion for remand. On March 7, 2025, the Fourth Circuit vacated the remand order, holding that the State's disclaimer of AFFF liability did not preclude removal under the federal officer removal statute. *See Maryland v. 3M Co.*, 130 F.4th 380 (4th Cir. 2025), *cert. denied*, No. 25-517, 2026 WL 568301 (U.S. Mar. 2, 2026). 3M now moves again to transfer the State's putative "non-AFFF" action to the MDL.

In our order denying transfer of this action in 2023, we advised the parties that, if this action were to "evolve into a more obvious AFFF action, or if it becomes clearer that plaintiff's AFFF and non-AFFF actions involve the same contaminated ground or surface waters, the parties or the court at that time can re-notice *State of Maryland* as a potential tag-along in MDL No. 2873." Order Denying Transfer at 4, MDL No. 2873 (J.P.M.L. Oct. 4, 2023), ECF No. 2129. The State, in opposition to transfer, contends that nothing has changed in this action since that order. But there *has* been a significant change—the Fourth Circuit has held that "3M's Military AFFF production is inextricably related to [the State's] general allegations of PFAS contamination, notwithstanding [its] attempts to draw a line between 3M's federal and non-federal work." *Maryland*, 130 F.4th at 392. This action thus has evolved into a "more obvious AFFF action." It would be incongruous to deny transfer of an action in which an appellate court has concluded that AFFF will be presented.

Transfer also would be consistent with our past practice in this docket. At our last hearing session, we transferred a putative "non-AFFF" action by the State of Maine that presented a substantially similar procedural posture. Like *State of Maryland*, Maine had filed both a "non-AFFF" and an "AFFF" action, both directed to PFAS contamination of Maine's groundwater. With respect to the "non-AFFF" action, the First Circuit reversed a remand order, holding that the State's disavowal of AFFF claims did not obviate the need for the trial court to determine whether any particular site was contaminated by AFFF use, and thus that federal officer removal was appropriate. *See Maine v. 3M Co., Inc.*, 159 F.4th 129 (1st Cir. 2025). Based largely on the First Circuit's ruling, we concluded that transfer to the MDL was warranted. *See* Transfer Order at 5–7, MDL No. 2873 (J.P.M.L. Apr. 2, 2026), ECF No. 4225 (discussing other instances where the Panel has transferred a state's putative "non-AFFF" action to MDL No. 2873).

There is ample scope for coordination with discovery and pretrial proceedings in the MDL, which involve numerous other state actions (including the State of Maryland's "AFFF" action). Indeed, we note that *Maryland* was a consolidated appeal, and the other action on that appeal—a putative "non-AFFF" action by the State of South Carolina—is already pending in the MDL. The transferee court recently ruled on other elements of the federal officer removal analysis that were left unanswered by the Fourth Circuit's decision. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-mn-02873, 2026 WL 898450 (D.S.C. Apr. 1, 2026). While transfer may result in some delay for the State, "[t]ransfer of an action is appropriate if it furthers the expeditious

2:18-mn-02873-RMG   Case 1:23-cv-01836-RDB   Document 85   Date Filed 06/04/26   Filed 06/05/26   Entry Number 9604   Page 3 of 6   Page 3 of 6

Case MDL No. 2873   Document 4397   Filed 06/04/26   Page 3 of 6

- 3 -

resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2021 WL 755083, at *2 (J.P.M.L. Feb. 4, 2021) (citing *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.")).

We also reject the State's argument that transfer would result in an unwarranted expansion of the scope of this MDL. As we have previously stated, this litigation is limited to actions asserting claims for harm caused by AFFF manufacture, use, or disposal, and we have endeavored to maintain this line of demarcation. *See, e.g.*, Order Denying Transfer at 2–3, MDL No. 2873 (J.P.M.L. Dec. 11, 2025), ECF No. 4062 (declining to expand scope of MDL to include non-AFFF direct exposure claims by firefighters). But even under the terms we have set, this is an expansive MDL due to the nature and scope of PFAS contamination and AFFF use. *See* Transfer Order at 3, MDL No. 2873 (J.P.M.L. Apr. 2, 2026), ECF No. 4225. We still require, as a prerequisite to transfer to this MDL, that complaints contain AFFF claims or, if the actions do not raise AFFF claims on their face, that movants satisfy a "significant burden" to persuade us "that transfer is appropriate and will not undermine the efficient progress of the MDL." Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541. Here, the Fourth Circuit's decision necessarily brings factual questions about the use of AFFF and its contribution to the alleged PFAS contamination of the State's natural resources into this action. 3M thus has met its burden, and transfer of *State of Maryland* will not alter the scope of this AFFF litigation.

Turning to the motion to vacate in *Corinth Gas & Water*, plaintiff is a municipal water provider that alleges that its water supply has been contaminated by PFAS originating from various sources, including landfills and industrial operations in Decatur, Alabama, which allegedly contaminated the Tennessee River and, ultimately, the source of plaintiff's drinking water. We previously have concluded that 3M manufactured AFFF at its facility in Decatur and, therefore, that actions stemming from alleged discharge of PFAS into the Tennessee River by 3M's Decatur Facility should be transferred to the MDL. *See* Transfer Order at 1–2, MDL No. 2873 (J.P.M.L. June 7, 2024), ECF No. 2679.

In opposition to transfer, plaintiff argues that *Corinth Gas & Water* differs from other actions involving 3M's Decatur Facility because plaintiffs' claims in those actions arose solely out of discharges from 3M's Decatur Facility, whereas here plaintiff also alleges discharges from non-AFFF industrial facilities and landfills. This characterization of the prior Decatur actions is inaccurate. Those actions likewise involved putative "non-AFFF" facilities (including the very non-AFFF facilities identified by plaintiff in *Corinth Gas & Water*). *See, e.g.*, Transfer Order, MDL No. 2873 (J.P.M.L. Dec. 12, 2024), ECF No. 3166 (transferring *City of Muscle Shoals* and *Colbert County*, which both asserted claims against Daikin America, Inc., and BFI Waste Systems of Alabama). In any event, this MDL is not limited to actions that allege *only* AFFF contamination. Allegations of "*additional* sources of contamination [are] no obstacle to transfer." Transfer Order at 2, MDL No. 2873 (J.P.M.L. June 5, 2019), ECF No. 446 (emphasis in original). Furthermore, BFI persuasively argues that the PFAS discharges that are alleged to have originated from its Morris Farm Landfill in Decatur stemmed from AFFF waste originated from the Redstone Arsenal in nearby Huntsville.

Case 1:23-cv-01836-RDB    Document 85    Filed 06/05/26    Page 4 of 6
2:18-mn-02873-RMG    Date Filed 06/04/26    Entry Number 9604    Page 4 of 6
Case MDL No. 2873    Document 4397    Filed 06/04/26    Page 4 of 6

- 4 -

Plaintiff also argues that transfer will cause it inconvenience.  But transfer is appropriate "if it furthers expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay."  *In re AFFF*, 2021 WL 755083, at \*2.  Here, given the numerous actions pending in the MDL that relate to AFFF manufacture and disposal at 3M's Decatur Facility, transfer will allow for coordinated discovery and prevent inconsistent pretrial rulings.

Finally, we turn to the motion to vacate in *City of Dayton*.  The City alleges that its groundwater has been contaminated by PFAS stemming from, *inter alia*, AFFF use at Wright-Patterson Air Force Base.  The City seeks cost recovery and injunctive and declaratory relief under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601 et seq., and the Safe Drinking Water Act, 42 U.S.C. §§ 300f et seq.  In opposition to transfer, the City principally argues that its claims are case-specific and are not amenable to any "meaningful bellwether process" for discovery or other pretrial motion practice.

We are not persuaded that transfer is inappropriate.  The City's claims, on their face, involve alleged AFFF use, and we have rejected similar arguments that actions brought under federal and state environmental regulations should not be transferred.  *See, e.g.*, Transfer Order at 1–2, MDL No. 2873 (J.P.M.L. Dec. 11, 2025), ECF No. 4061 (rejecting argument that action brought to enforce terms of an environmental permit issued by New Mexico regarding Cannon Air Force Base would not share common factual questions with other actions in the MDL).  The parties here agree that there are at least 23 CERCLA actions against the United States pending in the MDL, and the transferee court has not suggested remand of any of these actions.  Indeed, in Case Management Order No. 25D, issued in December 2025, the transferee court established discovery and briefing deadlines for motions to dismiss under CERCLA § 113(h).  Just because the parties and the court have concluded that a "bellwether" process is not appropriate for CERCLA actions against the United States does not mean that centralization is unwarranted—there are other forms of pretrial coordination, such as coordination of discovery deadlines and motion practice.  Further, there may be some potential for coordination of discovery with respect to the City's action in the MDL that asserts claims against the United States under the Federal Tort Claims Act relating to AFFF use at Wright-Patterson.  *See City of Dayton v. United States*, C.A. No. 2:21-02627 (D.S.C.).  Accordingly, transfer of *City of Dayton* is appropriate.

Case 1:23-cv-01836-RDB    Document 85    Filed 06/05/26    Page 5 of 6

- 5 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

David C. Norton                                    Dale A. Kimball
M. Casey Rodgers



A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: _Sandra S. Shealy_

DEPUTY CLERK

Case 1:23-cv-01836-RDB    Document 85    Filed 06/05/26    Page 6 of 6
2:18-mn-02873-RMG      Date Filed 06/04/26    Entry Number 9604    Page 6 of 6
Case MDL No. 2873    Document 4397    Filed 06/04/26    Page 6 of 6

**IN RE: AQUEOUS FILM-FORMING FOAMS**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 2873

### SCHEDULE A

District of Maryland

STATE OF MARYLAND v. 3M COMPANY, ET AL., C.A. No. 1:23−01836

Northern District of Mississippi

CORINTH GAS & WATER v. 3M COMPANY, ET AL., C.A. No. 1:26−00025

Southern District of Ohio

CITY OF DAYTON, OHIO v. UNITED STATES OF AMERICA, C.A. No. 3:26−00056